IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JASON ORTEGA,

    Petitioner,

v.                                                                                                             Civil Action No. 3:10CV332

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner, filed a petition for a writ of habeas corpus challenging his 1998 convictions in the Circuit Court for the City of Virginia Beach for robbery, abduction, assault and battery, using a firearm in the commission of a felony, possession of a firearm by a convicted felon, possession of burglary tools, and burglary.[1] (Pet. 1.) On June 7, 2010, the Court ordered Petitioner to show cause for not dismissing this action as a second or successive petition. Respondent has not filed a reply. This matter is ripe for judgment.

## SECOND OR SUCCESSIVE PETITIONS

This Court previously has denied a 28 U.S.C. § 2254 petition challenging the above convictions. *Ortega v. Angelone*, No. 3:01cv826, 2002 WL 32507844 (E.D. Va. Aug 13, 2002). The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotations omitted).

---

[1] Petitioner's claim that "[t]he Virginia Department of Corrections does not have lawful custody of Petitioner" (Pet. 5) belies his assertion that he does not challenge his convictions (Pet. 1).

Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not sought permission to file a successive petition from the United States Court of Appeals for the Fourth Circuit. Therefore, this Court lacks jurisdiction to consider his second application for habeas corpus relief. The petition will be DISMISSED for lack of jurisdiction. (Docket No. 1.)

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

An appropriate order will issue.

And it is so ORDERED.

/s/
Richard L. Williams
United States District Judge

Date: AUG 2 3 2010
Richmond, Virginia